UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DOUGLAS S. VOGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:11 CV 254 |
| | ) |
| SOUTH BEND COMMUNITY | ) |
| SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss (DE # 7) and defendant's motion for summary judgment (DE # 16). For the reasons that follow, the motion to dismiss is granted, in part, and denied, in part, and the motion for summary judgment is granted.

## I.   BACKGROUND [1]

In January of 2009, plaintiff Douglas Vogel began working for defendant South Bend Community School Corporation as a special education paraprofessional at Adams High School. Plaintiff's employment relationship with defendant was governed by the Paraprofessional Employees Agreement, which was in effect throughout plaintiff's

---

[1] Unless otherwise designated, the following facts were admitted by plaintiff by virtue of his failure to respond defendant's Requests to Admit. FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *see also* DE # 20, Pl.'s Request for Summary Ruling, describing plaintiff's failure to respond to discovery requests and motions over the course of this litigation.

employment. Under the "Absences and Leaves" section of the agreement, plaintiff was entitled to 10 sick days and 3 personal days of leave from work during each school year.

During the 2009 - 2010 school year, plaintiff was absent from work, without medical documentation, for at least 25 full days[2] and at least 5 partial days[3] by the end of January 2010. On February 1, 2010, plaintiff provided medical documentation to defendant related to his health problems in the form of a letter from Dr. Donald Troyer; this letter purported to release plaintiff from work from February 1 to February 2, 2010, and thereafter released him to work with a 20-25 pound weight restriction for one month. (DE # 17-5 at 2.) Plaintiff was absent on February 3 and 4, 2010. On February 11, 2010, Dr. Troyer authored another letter excusing plaintiff from work retroactively from February 1 to February 11, 2010, due to medical issues, and stating that plaintiff could return to work, standing or walking on hard floors for only 3 hours per 8 hour shift, with no lifting of more than 20-25 pounds for an additional month beginning February 15, 2010. After February 15, 2010, plaintiff was absent, without medical documentation, for at least 10 additional full days[4] and one partial day.[5]

---

[2] Plaintiff's full-day absences occurred on the following dates: 8/29/09, 9/8/09, 9/9/09, 9/23/09, 9/25/09, 10/1/09, 10/2/09, 10/19/09, 10/20/09, 10/23/09, 10/26/09, 11/9/09, 11/10/09, 12/2/09, 12/3/09, 12/8/09, 12/9/09, 1/5/10, 1/6/10, 1/11/10, 1/12/10, 1/13/10, 1/14/10, 1/15/10, 1/19/10.

[3] Plaintiff's partial-day absences occurred on the following dates: 9/30/09, 11/17/09, 11/19/09, 12/15/09, 1/15/09.

[4] Plaintiff's full-day absences occurred on the following dates: 2/22/10, 2/23/10, 2/24/10, 2/25/10, 2/26/10, 3/1/10, 3/2/10, 3/3/10, 3/4/10, 3/5/10.

[5] Plaintiff's partial-day absence occurred on the following date: 2/16/10.

On March 5, 2010, defendant sent plaintiff a letter notifying him that he had been terminated due to his poor attendance record. (DE # 17-6 at 2.) On March 8, 2010, plaintiff met with Otha Reese, principal of Adams High, to discuss his termination. That same day, he provided Reese with a letter in which he stated: "I know that I have been more than reckless with my attendance" and that "it would be preferable to have it be known that I was unable to perform the essential functions of the position in which I was hired." (DE # 17-8 at 2.) Plaintiff also stated that he hoped Reese would reconsider labeling his firing a "termination," so that he could pursue other job opportunities more suitable to his physical characteristics. (*Id.*) Defendant did not reconsider the termination nor the label of "termination" in plaintiff's case.

On September 1, 2010, plaintiff filed a Charge of Discrimination with the EEOC, alleging that he was discriminated against by defendant on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"). (DE # 17-9.) On March 29, 2011, the EEOC sent plaintiff a "right-to-sue" letter, informing plaintiff that the EEOC was unable to determine whether a violation occurred and that plaintiff had 90 days to bring his own lawsuit against defendant. (*Id.* at 2.) Plaintiff did so on June 17, 2011, filing his complaint *pro se* and moving for *in forma pauperis* status. (DE ## 1, 2.) In his complaint, plaintiff alleges that defendant violated the ADA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. (DE # 1 at 1-2.)

Several months later, defendant moved to dismiss, arguing that: (1) plaintiff failed to serve the complaint and summons within 120 days as required by FEDERAL RULE OF CIVIL PROCEDURE 4; and (2) plaintiff's Title VII claim should be dismissed because plaintiff failed to include any allegations related to a Title VII claim in the initial Charge filed with the EEOC. (DE # 7.) Later, defendant also filed a motion for summary judgment, arguing that it is entitled to summary judgment on plaintiff's ADA claim because plaintiff is not a "qualified individual" under the statute and because defendant had a legitimate, non-discriminatory reason for plaintiff's termination.[6] Plaintiff did not respond to either motion, though he did file a status report, in which he "pleads with the Court to allow [the delay in the service of the complaint and summons] as reasonable neglect." (DE # 13 at 1.) Each of defendant's motions is addressed in turn below.

## II.   DEFENDANT'S MOTION TO DISMISS

### A.   Timeliness of Service

Defendant has moved to dismiss plaintiff's complaint because plaintiff did not serve defendant with the complaint and summons within 120 days after the filing of the complaint, as required by RULE 4(m) of the FEDERAL RULES OF CIVIL PROCEDURE. (DE # 7; DE # 8 at 2-3.) Defendant points out that plaintiff's complaint was filed June 17, 2011,

---

[6] Pursuant to N.D. IND. LOCAL RULE 56-1(f), defendant served plaintiff with an appropriate "Notice to *Pro Se* Litigant" regarding the nature of summary judgment proceedings and the consequences of a failure to abide by the rules and procedures of the court in responding to the motion for summary judgment. (DE # 18.)

but plaintiff did not serve defendant until November 23, 2011, more than 150 days later. Plaintiff does not dispute that the complaint and summons were not served within 120 days, but asks the court to excuse the delay as reasonable neglect. (DE # 13 at 1.)

"When considering a process defect . . . , a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras v. Liquid Carbonic Industs. Corp.*, 94, F.3d 338, 340 (7th Cir. 1996). If good cause is shown, the court must extend the time for service. *Id.* Even if the plaintiff does not demonstrate good cause, the court has the discretion to grant a permissive extension of time and enlarge the 120-day period. *Id.* at 340-41; *see also Henderson v. United States,* 517 U.S. 654, 662 (1996) (recognizing that courts are accorded discretion to enlarge the 120-day period "even if there is no good cause shown").

Though plaintiff has not, in his own words, articulated any "good cause" for the failure to meet RULE 4's demands, the court finds it completely appropriate to enlarge the time for service in this case. When plaintiff filed his complaint on June 17, 2011, he also moved to proceed *in forma pauperis*. (DE # 2.) The court ruled on this motion, directing the Clerk to sign and seal the summons and return them to the plaintiff, on July 28, 2011. (DE # 3.) The Clerk issued the summons on July 29, 2011. (DE # 4.) Until that point, plaintiff had no summons to serve. Once the clerk issued the summons, plaintiff served defendant within 120 days, on November 23, 2011. (DE # 5.) The court will not punish plaintiff for filing for *in forma pauperis* status, nor will it charge plaintiff

5

with the time it took for the court to rule on that request and to direct the Clerk to issue the summons. Defendant's motion to dismiss for failure to timely serve is denied.

    B.    **Plaintiff's Title VII Claim**

Defendant argues that plaintiff's Title VII claim should be dismissed because plaintiff never included allegations related to a Title VII claim in his EEOC Charge. A prerequisite to filing a lawsuit under Title VII is that the plaintiff has exhausted his administrative remedies. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5. In order to do so, a plainitff must timely file a charge with the EEOC encompassing the acts complained of. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). An EEOC Charge may encompass a claim if the claim is "like or reasonably related to the allegations of the charge and growing out of such allegations" such that there is a "reasonable relationship between the allegations in the charge and the claims in the complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Though plaintiff did file a Charge of Discrimination with the EEOC, it contains no allegations that suggest any discrimination by defendant on any grounds that could support a Title VII claim (i.e., discrimination on the basis of race, color, religion, sex, or national origin). Instead, the Charge relates entirely to plaintiff's claim that defendant discriminated against him due to his alleged disability. Because there are no allegations tying the Charge to any claim that might be cognizable under Title VII, plaintiff's Title VII claim must be dismissed.

### III.     DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

####  A.     Legal Standard

Defendant has also moved for summary judgment. FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present

fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998); *Doe,* 42 F.3d at 443.

Because plaintiff failed to file a response to defendant's motion for summary judgment, defendant is entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiff's response. However, plaintiff's failure to respond does not automatically result in summary judgment for defendant. *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court must still "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.* Accordingly, the court's task will be to examine the factual record in this case to determine whether defendant has met its burden of demonstrating a lack of genuine issues of material fact warranting summary judgment in its favor.

  **B.**  **Analysis**

Defendant has moved for summary judgment on plaintiff's ADA claim. The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Where, as in this case, there is no direct evidence of disability discrimination, a plaintiff may prove his ADA case indirectly by employing the burden-shifting approach set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *see Leffel v. Valley Fin. Servs.,* 113 F.3d 787, 792 (7th Cir. 1997). Under

this method of proof, plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by showing that: (1) he is a qualified individual with a disability; (2) he was meeting his employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees without a disability were treated more favorably. *Dickerson v. Bd. of Trs. of Cmty. College Dist. No. 522,* 657 F.3d 595, 601 (7th Cir. 2011). If plaintiff satisfies this initial burden, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment decision. *Id.* If the defendant satisfies this requirement, the plaintiff must then prove by a preponderance of the evidence that the defendant's reasons are pretextual. *Id.*

In this case, plaintiff cannot establish a *prima facie* case of disability discrimination because the record reveals that plaintiff was not a qualified individual for purposes of the ADA. To determine whether a plaintiff is a "qualified individual" under the ADA, the court must determine whether he could perform the essential functions of the job and, if not, whether any reasonable accommodation would have enabled him to perform the job. *Waggoner v. Olin Corp.,* 169 F.3d 481, 484 (7th Cir. 1999). The Seventh Circuit Court of Appeals has repeatedly held that an employee who does not come to work cannot perform the essential functions of his job. *Id.*; *Nowak v. St. Rita High Sch.,* 142 F.3d 999, 1003 (7th Cir. 1998). In this case, the record reveals that plaintiff was chronically absent from work in violation of defendant's attendance policy and, therefore, was not performing the essential functions of his job. Accordingly, the record cannot support a finding that plaintiff was a qualified individual under the ADA.

Even if the court proceeded past the *prima facie* stage of the *McDonnell-Douglas* burden-shifting analysis, plaintiff would not survive summary judgment because plaintiff's excessive absenteeism and his failure to give timely notice of his absences constituted a legitimate, non-discriminatory reason for plaintiff's termination. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1115 (7th Cir. 1992) ("It seems self-evident that an employer is acting with a 'legitimate non-discriminatory reason' in terminating an employee who simply fails to report to work and does not adequately explain his absence."). Because plaintiff cannot survive the first or second phases of the *McDonnell-Douglas* burden-shifting analysis, summary judgment for defendant is appropriate on plaintiff's ADA claim.

Though plaintiff did not respond to defendant's motion for summary judgment, the court presumes, based on the letter he wrote to Principal Reese following his termination, that he would not dispute that he was excessively absent from work at the times in question, but that he would argue that he should be excused from defendant's attendance policy because of his illnesses. Such an argument would have been without merit. While employers must reasonably accommodate individuals' disabilities, 42 U.S.C. § 12112, an employer is "not obligated to tolerate erratic, unreliable attendance or to provide an accommodation which would impose an undue hardship on the business." *Haschmann v. Time Warner Entm't Co.*, 151 F.3d 591, 601 (7th Cir. 1998). "The sort of accommodation contemplated by the [ADA] is one that will allow the person to 'perform the essential functions of the employment position.' Not working is not a

means to perform the job's essential functions." *Byrne v. Avon Prods, Inc.,* 328 F.3d 379, 381 (7th Cir. 2003) (quoting 42 U.S.C. § 12111(8)).

In sum, there is no genuine issue as to the fact that plaintiff was not a qualified individual under the ADA, and defendant has articulated a legitimate non-discriminatory reason for plaintiff's termination. Accordingly, under the *McDonnell-Douglas* burden-shifting analysis, defendant is entitled to summary judgment on plaintiff's ADA claim.

### IV.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 7) is **GRANTED, in part, and DENIED, in part**; and defendant's motion for summary judgment (DE # 16) is **GRANTED**. Defendant's motion for summary ruling (DE # 20) is **GRANTED** to the extent that the court has considered plaintiff's failure to respond to defendant's Requests to Admit as an admission of the facts contained in those Requests.

Because plaintiff's Section 1981 claim still remains pending in this case, the court withholds entry of final judgment. However, discovery has closed in this case, so the court now requires that any further dispositive motions be filed by December 6, 2012. If none are filed by that date, the court will schedule a final pretrial conference and a trial date for the remaining claim in this matter.

                                **SO ORDERED.**

Date: October 5, 2012

                                s/ James T. Moody_____
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT