UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DOUGLAS G. VOGEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11 CV 254 |
| SOUTH BEND COMMUNITY SCHOOL CORPORATION, | ) |
| Defendant. | ) |

# OPINION and ORDER [1]

This case involves Douglas Vogel, a *pro se* plaintiff, who worked for the South Bend Community School Corporation from January of 2009 to March of 2010. Defendant terminated plaintiff due to excessive absences and violation of the school's attendance policy.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was discriminated against by defendant on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"). After the EEOC sent plaintiff a "right-to-sue" letter, plaintiff filed his own lawsuit against defendant alleging that defendant violated the ADA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. (DE # 1 at 1-2.)

---

[1] The facts of this case were summarized at length in the court's order granting defendant's motion to dismiss and first motion for summary judgment. (DE # 22.) Only the facts pertinent to the present motion are reiterated here.

Later, defendant filed a motion to dismiss and a motion for summary judgment on plaintiff's ADA and Title VII claims (DE ## 7, 16), but plaintiff responded to neither. In an order dated October 5, 2012, this court granted defendant's motion to dismiss plaintiff's Title VII claim due to plaintiff's failure to include any allegations related to a Title VII claim in his EEOC Charge. (DE # 22.) The court also granted summary judgment for defendant on plaintiff's ADA claim, because plaintiff was not a "qualified individual" under the statute and because defendant had a legitimate, non-discriminatory reason for plaintiff's termination. (*Id.*)

Defendant has now moved for summary judgment on plaintiff's Section 1981 claim, the only remaining claim in this case, arguing that Section 1981 does not prohibit the only conduct alleged by plaintiff: disability discrimination.[2] (DE # 23.) Again, plaintiff failed to file a response, prompting defendant to file a motion for summary ruling. (DE # 26.) FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must

---

[2] Pursuant to N.D. IND. LOCAL RULE 56-1(f), defendant served plaintiff with an appropriate "Notice to *Pro Se* Litigant" regarding the nature of summary judgment proceedings and the consequences of a failure to abide by the rules and procedures of the court in responding to the motion for summary judgment. (DE # 25.)

2

prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

Defendant's argument is a simple one, and requires little discussion. Section 1981 states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "Although § 1981 does not itself use the word 'race,' the [Supreme] Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts." *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987). Section 1981 does not cover other forms of discrimination. *See, e.g., Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 50 (7th Cir. 1984) ("section 1981 does not protect against discrimination based on sex or religion or age"); *Lowery v. Greater Clark County Schs., Corp.*, No. 1:12–cv–00007–JMS–MJD, 2013 WL 1961776, at *4 (S.D. Ind. May 10, 2013) ("Section 1981 only applies to race discrimination, not to discrimination based on . . . disability.").

In this case, plaintiff has only alleged facts related to discrimination on the basis of a disability. Neither his EEOC Charge, nor his complaint, nor any of his other filings contains any allegations of racial discrimination. It appears that Section 1981 is only at issue in this case because plaintiff checked the box next to "42 U.S.C. § 1981" on the *pro se* employment discrimination complaint form he filled out and turned into the Clerk of Court. Because plaintiff has not even alleged (much less proven) racial discrimination, his Section 1981 claim fails.

3

For the foregoing reasons, defendant's motion for summary judgment (DE # 23) and motion for summary ruling (DE # 26) are each **GRANTED**. There being no claims remaining against any defendant, the Clerk is hereby directed to **ENTER FINAL JUDGMENT** in this case stating:

> Judgment is entered in favor of defendant South Bend Community School Corp.; and against plaintiff Douglas G. Vogel, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: May 17, 2013

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT